IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAUL LAWRENCE MORANT, JR.,

     Plaintiff,

v.

STATE OF ALABAMA, HENRY
COUNTY SHERIFF'S
DEPARTMENT, CITY OF
ABBEVILLE POLICE
DEPARTMENT, OPELIKA POLICE
DEPARTMENT, HEADLAND
POLICE DEPARTMENT,
DALEVILLE POLICE
DEPARTMENT, LARRY K.
ANDERSON, NEAL BRADLEY,
JESSE INGRAM, JUDD
ETHERIDGE, PATRICK BURRUS
JONES, III, SPENCER WAYNE
DANZEY, VICTOR MARTELL
REVILL, MICHAEL RUSS
GOODMAN, and G & I BONDING
COMPANY,

     Defendants.

CIVIL ACTION FILE

NO. 1:17-CV-3191-MHC

## ORDER

Before the Court are the Motions to Dismiss and Stay Discovery filed by the

City of Abbeville Police Department, the Opelika Police Department, the Headland

Police Department, the Daleville Police Department, and Officer Neal Bradley

[Docs. 6, 8]; the Motion to Dismiss filed by the State of Alabama, Judge Larry K. Anderson, and District Attorney Patrick Jones, III [Doc. 10]; the Motion to Dismiss or to Transfer Venue filed by Judd Etheridge [Doc. 13]; the Motion to Dismiss filed by Henry County, Alabama, Sheriff's Department [Doc. 17]; the Motion to Dismiss filed by Victor Revill [Doc. 19]; the Motion to Dismiss or to Transfer Venue filed by Spencer W. Danzey [Doc. 20]; the Motion to Dismiss or to Transfer Venue filed by M. Russ Goodman [Doc. 21]; the Motion to Dismiss or to Transfer Venue filed by G&I Bonding Company [Doc. 23]; and Plaintiff's Motion for Default Judgment [Doc. 25].

## I.   BACKGROUND

This case arises out of the alleged unlawful arrest and imprisonment of Plaintiff on February 15, 2012, in Abbeville, Alabama. Am. Compl. ¶¶ 15-16. Plaintiff's Amended Complaint does not list any cognizable claims against Defendants, does not provide any factual details regarding the basis of any claims, nor does it identify the specific roles any of the individual Defendants played.

It appears from the Amended Complaint that Plaintiff's February 15, 2012, arrest was for unlawfully driving with a suspended license. Id. ¶ 24. The warrant fact sheet associated with this arrest reveals that Plaintiff was pulled over because his license plate was partially obstructed and he was swerving. See Abbeville

Police Department Warrant Fact Sheet [Doc. 6-3 at 10] ("Fact Sheet") at 10.[1]

After being pulled over, Plaintiff presented the officer with an "International

Driving Permit" and "World Passport" which both identified Plaintiff as "Law El."

Id. The officer recognized that the documents presented were not issued by a valid

government office, and requested to search Plaintiff's car. Id. Plaintiff consented

to the search, whereupon the officer found a photocopy of a driver's license with

the name of Paul Lawrence Morant, Jr. Id. The officer ran the information from

the copy of the driver's license and learned that Plaintiff's license was suspended.

Id. Plaintiff was arrested for driving with a suspended driver's license and for

obstructing justice using a false identity. See Advice of Rights on Initial

Appearance Before Judge [Doc. 6-3] at 12, 14.

　　　Later that day, the same officer who arrested Plaintiff presented a warrant

fact sheet to a magistrate and swore criminal complaints supporting both charges.

See Criminal Complaint [Doc. 6-2 at 9]. The magistrate issued warrants based on

---

[1] A district court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. See Halmos v. Bomardier Aerospace Corp., 404 F. App'x 376, 377 (11th Cir. 2010) (citing Bryant v. Avado Brands, Inc., 187 F. 3d 1271, 1278 (11th Cir. 1999). The Court takes judicial notice of the certified records of Plaintiff's criminal proceeding that forms the basis of his Amended Complaint. See Cunningham v. Dist. Attorney's Office for Escambia Cty., 592 F.3d 1237, 1255 (11th Cir. 2010) (taking judicial notice of the state and federal proceedings in which the plaintiff was convicted or attacked his conviction).

those two charges.  Warrants [Doc. 6-2 at 8, Doc. 6-3 at 8].  Plaintiff appeared

before Judge James D. Peterson on the same day, where bond was set at

$15,000.00 for obstructing justice using a false identity and $500.00 for driving

with a suspended driver's license.  Orders on Initial Appearance [Doc. 6-3 at 11,

13].  Plaintiff was released on consolidated appearance bonds on February 23,

2012.  Consolidated Appearance Bonds [Doc. 6-2 at 11, Doc. 6-3 at 17].

The charges against Plaintiff were sent to a grand jury on July 20, 2012,

which returned an indictment on September 28, 2012.  Indictments [Doc. 6-4 at 7-

8, Doc. 6-6 at 40-41].  The Circuit Court for Henry County, Alabama, set an

arraignment date for December 7, 2012, which Plaintiff failed to attend.  See Case

Action Summary [Doc. 6-6 at 39].  Judge Anderson ordered the issuance of alias

warrants for Plaintiff's arrest, which were issued by the Henry County, Alabama,

Clerk on December 19, 2012.  See Case Action Summary [Doc. 6-4 at 5].

## II.   LEGAL STANDARD

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident

defendant bears the initial burden of alleging in the complaint sufficient facts to

make out a prima facie case of jurisdiction."  Diamond Crystal Brands, Inc. v.

Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010) (quotation and

citation omitted); see also Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1214

(11th Cir. 1999).  When no evidentiary hearing is held on a motion to dismiss for lack of personal jurisdiction, a prima facie case exists where the plaintiff presents enough evidence to survive a motion for a directed verdict.  Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000).  A plaintiff presents enough evidence to withstand a motion for a directed verdict by putting forth evidence of such quality and weight that "reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions."  Miller v. Roche Sur. & Cas. Co., 502 F. App'x 891, 893 (11th Cir. 2012).

"The court construes the allegations in the complaint as true to the extent that they are uncontroverted by defendant's evidence."  Paul, Hastings, Janofsky & Walker, LLP v. City of Tulsa, 245 F. Supp. 2d 1248, 1253 (N.D. Ga. 2002).  If the nonresident defendant challenges jurisdiction and supports the challenge with affidavit evidence, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction.  Diamond Crystal, 593 F.3d at 1257.  "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff."  Id. (citation and quotation omitted).

## III.   ANALYSIS

A common denominator among all eight motions to dismiss currently pending before the Court is that this Court lacks personal jurisdiction over Defendants.

The Due Process Clause of the Fourteenth Amendment protects a nonresident's liberty interest in not being bound to a judgment in a foreign state (Georgia, in this case), without first establishing meaningful "contacts, ties, or relations" with that foreign jurisdiction.  Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945); PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 811 (11th Cir. 2010).  The contacts that a nonresident defendant has with the forum must be sufficient so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.  Int'l Shoe Co., 326 U.S. at 316; Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1274 (11th Cir. 2002).  The touchstone of this constitutional protection is "fair warning," such that a nonresident defendant can reasonably anticipate being haled into court in that forum.  PVC Windoors, Inc., 598 F.3d at 811 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).

The nature and quality of the contacts a nonresident defendant can have with the forum vary depending upon whether the type of personal jurisdiction being

asserted is specific or general. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 413-16 (1984); <u>Meier</u>, 288 F.3d at 1274. General jurisdiction exists where a nonresident defendant's connections with the forum state are "continuous and systematic" so as to render the nonresident defendant "at home in the forum State." <u>Daimler AG v. Bauman</u>, 134 S. Ct. 746, 754 (2014) (quotation and citation omitted). On the other hand, specific jurisdiction must arise out of the events or transactions underlying the claim that forms the basis of the lawsuit. <u>Walden v. Fiore</u>, 134 S. Ct. 1115, 1121 (2014).

Defendants contend that Plaintiff has failed to establish either general or specific jurisdiction. Plaintiff has not opposed any of the motions to dismiss. <u>See Kramer v. Gwinnett Cty.</u>, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed"); <u>see also</u> LR 7.1B, NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion.").

A federal court "undertakes a two-step inquiry to determine whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." <u>Diamond Crystal</u>, 593 F.3d at 1257-58 (citation and quotations omitted). District courts in Georgia

cannot conflate these two inquires because Georgia's long-arm statute does not provide jurisdiction that is coextensive with due process. Id. at 1259. Instead, the long-arm statute "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." Id. (footnote omitted). This Court must interpret and apply Georgia's long-arm statute literally. Id.

Georgia's long-arm statute reaches only those nonresidents whose conduct brings them within the coverage one of the six subsections of O.C.G.A. § 9-10-91. Plaintiff's Amended Complaint (Am. Compl. ¶¶ 8-11) indicates that this Court has personal jurisdiction over Defendants under the long-arm statute, but does not specify which subsection(s) it is relying upon. The long-arm statute provides, in relevant part, as follows:

> A court of this state may exercise personal jurisdiction over any nonresident . . ., as to a cause of action arising from any of the acts . . . enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:
> (1) Transacts any business within this state;
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act; [or]
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state[.]

O.C.G.A. §§ 9-10-91(1)-(3).

Construing all of the allegations in the Amended Complaint as true, it appears as though Plaintiff's claims are based completely on an allegedly unlawful arrest and imprisonment which took place in Alabama, and Plaintiff does not offer any reason why jurisdiction would be proper in this district.  Specifically, the Court finds that Plaintiff has not alleged any facts that demonstrate that any of the Defendants have conducted any activity within the State of Georgia sufficient to confer jurisdiction over them under the Georgia long-arm statute.  See FisherBroyles, LLP v. Juris Law Grp., No. 1:14-CV-1101-WSD, 2015 WL 630436, at *6 (N.D. Ga. Feb. 12, 2015) ("Because Plaintiff has failed to prove the existence of personal jurisdiction under Georgia's long-arm statute, the Court does not need to decide whether the exercise of jurisdiction, if it existed under the [Georgia] long-arm statute, which it does not, would be proper under the Due Process Clause.") (citation and quotation omitted).  Accordingly, the Court does not have personal jurisdiction over Defendants and must dismiss this lawsuit.[2]

_____

[2] Because this Court has found that it lacks personal jurisdiction over Defendants, it need not reach the alternative grounds for dismissal raised in Defendants' briefs.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Motion to Dismiss filed by the City of Abbeville Police Department, the Opelika Police Department, the Headland Police Department, the Daleville Police Department, and Officer Neal Bradley [Docs. 6] is **GRANTED**; the Motion to Stay Discovery filed by the City of Abbeville Police Department, the Opelika Police Department, the Headland Police Department, the Daleville Police Department, and Officer Neal Bradley [Docs. 8] is **DENIED AS MOOT**; the Motion to Dismiss filed by the State of Alabama, Judge Larry K. Anderson, and District Attorney Patrick Jones, III [Doc. 10] is **GRANTED**; the Motion to Dismiss or to Transfer Venue filed by Judd Etheridge [Doc. 13] is **GRANTED**; the Motion to Dismiss filed by Henry County, Alabama, Sheriff's Department [Doc. 17] is **GRANTED**; the Motion to Dismiss filed by Victor Revill [Doc. 19] is **GRANTED**; the Motion to Dismiss or to Transfer Venue filed by Spencer W. Danzey [Doc. 20] is **GRANTED**; the Motion to Dismiss or to Transfer Venue filed by M. Russ Goodman [Doc. 21] is **GRANTED**; the Motion to Dismiss or to Transfer Venue filed by G&I Bonding Company [Doc. 23] is **GRANTED**; and Plaintiff's Motion for Default Judgment [Doc. 25] is **DENIED AS MOOT**.  This action is

**DISMISSED** for lack of personal jurisdiction over Defendants.  The Clerk is

**DIRECTED** to close the case.

     **IT IS SO ORDERED** this 19th day of January, 2018.

MARK H. COHEN
United States District Judge