FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 24 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAUL LAWRENCE MORANT, JR., ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> STATE OF ALABAMA, ) <br> et al., ) <br> ) <br> **Defendants.** ) | Case No. 1:17-cv-03191-MHC |

## RESPONSE IN OPPOSITION TO MOTION FOR DEFAULT JUDGMENT

Victor Revill files this motion to oppose and ask that this Honorable Court deny the motion filed by Plaintiff, Paul Lawrence Morant, Jr., asking for default judgment.

### Introduction

This Court should deny the Plaintiff's motion for default judgment for the following reasons: Plaintiff has failed to establish personal jurisdiction, the motion fails to follow the requirements to ask for a default judgment, the Defendant Revill filed a timely response to the summons and complaint, the fugitive disentitlement doctrine prevents Morant from obtaining default judgment, and the basis for default judgment is legal nonsense. In support, Revill states the following:

## 1. Personal Jurisdiction

To obtain a judgment in his favor, Morant bears the burden of showing that this Court can exercise personal jurisdiction. See <u>United Techs. Corp. v. Mazer</u>, 556 F.3d 1260, 1274 (11th Cir. 2009). ("A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.") Plaintiff fails to show that the Defendant was properly served under the rules of this Court, is subject to the long arm statute of this Court, committed a tortious act in the State of Georgia that would make them subject to the jurisdiction of this court, or made a prima facie case of jurisdiction involving the Defendant.

A court that lacks personal jurisdiction over the parties cannot enter any judgment against them in an action as those judgments are void. Since the Plaintiff has failed to show this Court that it has personal jurisdiction over Revill, Revill would ask that this Court deny the motion for a default judgment.

## 2. The Plaintiff's motion is unsigned

This Court should strike the Plaintiff's motion for default judgment as it fails to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(a) requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Since Morant is not represented by an attorney, he is required to

sign the document, but there is no signature by the Plaintiff on that document attesting to the legal argument or that the proper parties have been served. See Doc 25. While this deficiency may be corrected, the legal arguments brought in the pleading are nonsensical and the whole motion should be denied.

### 3. Revill timely responded to the summons and complaint

Morant's claim that Revill failed to timely respond to the complaint is incorrect. Revill was served on 9/19/2017 and was required to reply by 10/10/2017. Doc 15. Revill's Motion to Dismiss with Brief in Support was filed on 10/04/2017, well within the time required to respond under Fed. R. Civ. P. 12(a)(1)(A)(i). Rule 12, Fed. R. Civ. P., authorized parties to raise affirmative defense such as lack of jurisdiction or failure to state a claim upon which relief is granted and stays the deadline for filing an answer. The Motion to Dismiss and Brief in Support therefore timely responded to the summons and complaint. An entry of default is only appropriate under Rule 55(a), Fed. R. Civ. P., when no answer or pleading has been filed. The motion for default judgment is therefore without merit.

### 4. Fugitive Disentitlement Doctrine prevents a default judgment

As stated in Revill's brief in support of motion to dismiss, the Plaintiff's claims should be dismissed pursuant to the fugitive disentitlement doctrine. As best as the Defendant can tell, Morant continues to be a fugitive from the very charges

that this case arises from. This Court should not entertain a frivolous lawsuit from a sovereign citizen attempting to sue everyone involved in this case merely because he fails to understand the relevant law of his case. "The Fugitive Disentitlement Doctrine has been applied to dismiss fugitives' criminal and civil appeals, as well as fugitives' affirmative claims for relief." Federal Deposit Ins. Corp. v. Pharaon, 178 F.3d 1159, 1161 (11th Cir. 1999). A dismissal is appropriate in this case.

### 5. The motion argues legal nonsense

Plaintiff Morant's claims for why he should be granted default judgment are the same sovereign citizen nonsense that underlie his complaint. In his motion, he states that "the [defendants] used frivolous statutory arguments in wherein said arguments are foreign to this court.' Doc 25 – Pg 1. Morant appears to believe that citing to federal cases, federal statutes, and the Federal Rules of Civil Procedure are outside the arguments that this Court can base its opinions on. This is patently incorrect. The Motion for Default Judgment filed by Morant should be denied by this Honorable Court.

### Conclusion

For the foregoing reasons, Victor Revill asks that this Court deny the Plaintiff's motion for default judgment or any other actions that this Honorable Court feels are in the interest of justice.

Victor Revill
*Pro Se*
Revill Law Firm
2027 2nd Ave N
Bradford Building, Suite A
Birmingham, AL 35203
Telephone: (205) 521-9929
Fax: (205) 994-6151
vrevill@revilllawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2018, I mailed a copy of this document via the U.S. Mail, postage prepaid and properly addressed, to:

Paul Lawrence Morant, Jr.
P.O. Box 115106
Atlanta, GA 30310
*Plaintiff (Pro Se)*

James H. Pike & Richard Elder Crum
Shealy, Crum & Pike, P.C.
P.O. Box 6346
Dothan Alabama 36302
*Counsel for the City of Abbeville Police Department, the Opelika Police Department, the Headland Police Department, the Daleville Police Department, and Officer Neal Bradley*

Richard Brooke Lawson, III
CAPELL & HOWARD, P.C.
P.O. Box 2069
Montgomery, Alabama 36102-2069
*Counsel for the Henry County Sheriff's Department, Judd Etheredge, and Jesse Ingram*

Robert Robinson McLendon, IV
150 Court Square, Suite C
Blakely, Georgia 39823
*Counsel for Judd Etheredge and G&I Bonding Company*

John J. Park, Jr.
STRICKLAND BROCKINGTON LEWIS LLP
Midtown Proscenium Suite 2200
1170 Peachtree Street NE
Atlanta, Georgia 30309
*Counsel for the State of Alabama, Hon. Larry K. Anderson, Hon. Patrick Burrus Jones, III*

Michael Russ Goodman
Houston County District Attorney's Office
P.O. Box 1632
Dothan, Alabama 36303

Spencer Wayne Danzey
THE DANZEY FIRM, P.C.
P.O. Box 608
Abbeville, Alabama 36310-0608

_____
Victor Revill

**Revill Law** l
2027 2nd A\
Bradford Building, Suite A
Birmingham, AL 35203





James N. Hatten, Clerk of Court
Richard B. Russell Federal Building
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

